UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| LAKENDRA MARIE RIVERS, | ) | |
|---|---|---|
| | ) | Case No. 1:25-cv-288 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| LASHONDA WILLIAMS, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**ORDER**

Before the Court is Magistrate Judge Michael J. Dumitru's report and recommendation that the Court dismiss this case with prejudice and deny Plaintiff's application to proceed *in forma pauperis* ("IFP") as moot with no filing fee assessed. (Doc. 8, at 1.) Plaintiff Lakendra Marie Rivers, proceeding pro se, filed this action on September 8, 2025, (*see* Doc. 1), while a report and recommendation in a previous, related case[1] ("*Rivers I*") was still pending. (Doc. 8, at 3.)

In his report and recommendation, Magistrate Judge Dumitru found that Plaintiff "failed to state a proper claim over which this Court has jurisdiction." (*Id.* at 1.) Specifically, the report notes that Plaintiff's allegations involve "vague, disjointed sentence fragments" regarding the reduction or termination of her Supplemental Security Income ("SSI"). (*See id.* at 3–4.) Magistrate Judge Dumitru found that the Court lacks jurisdiction over review Plaintiff's terminated SSI benefits because Plaintiff failed to exhaust her administrative remedies as

---

[1] *See Lakendra Marie Rivers v. The Company Lab*, 1:25-cv-273-TRM-MJD (E.D. Tenn., filed Aug. 19, 2025).

required by 42 U.S.C. § 405(g).  (*See id.* at 4–5 (citing *Wood v. Kijakazi*, No. 1:20-CV-323-TAV-CHS, 2023 WL 2664738, at *4 (E.D. Tenn. Mar. 28, 2023); *Gray v. Berryhill*, No. 12-12433, 2017 WL 4778712, at *3 (E.D. Mich. Oct. 23, 2017)).

Furthermore, the report found that Plaintiff also failed to include any supporting facts for potential tort claims against Defendant Lashonda Williams and noted that the instant action may be barred by the doctrine of res judicata due to the dismissal of Plaintiff's prior related lawsuit. (*Id.* at 5.)  Magistrate Judge Dumitru concluded that "justice would not be served by granting Plaintiff an opportunity to amend her complaint" due to these defects.  (*Id.*)

Magistrate Judge Dumitru advised the parties that any objections must be filed within fourteen days.  (*See id.* at 6 n.3.)  No party has filed an objection, and the time for doing so has passed.

The Court agrees with Magistrate Judge Dumitru's well-reasoned conclusions, and it hereby **ACCEPTS** and **ADOPTS** his report and recommendation (Doc. 8).  It is hereby **ORDERED** that this case is **DISMISSED with prejudice** in its entirety.  Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is **DENIED as moot**.  No filing fee shall be assessed in this case, and the Clerk is **DIRECTED** to close this case.  Additionally, Plaintiff is further **FOREWARNED** that the continued filing of cases that fail to pass 28 U.S.C. § 1915 screening may result in her being enjoined from filing future pleadings without prior Court permission.[2]

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] (*See* Doc. 8, at 6 (citing *Smith v. Akron City Council*, Nos. 98-3389, 98-3465, 1999 WL 183409, at *2 (6th Cir. Mar. 16, 1999) ("A district court has the authority to issue an injunctive order to prevent prolific litigants from filing leadings without first obtaining court approval to do so.")).)